## HUFFMAN v STATE ex DALLY

Ohio Appeals, 3rd Dist, Hancock Co

No 361. Decided Nov 6, 1935

Jackson E. Betts, Findlay, for plaintiff in error.
A. G. and R. E. Fuller, Findlay, for defendant in error.

**OPINION**

By KLINGER, PJ.

Plaintiff in error contends that the controlling portion of §2508, GC, is "and if the newspapers have no political affiliation then in the two newspapers having the largest circulation."

It is also admitted in the presentation of this case that no political party paper was published in Hancock County, Ohio, so that the following language from §2508, GC, is applicable and controlling in the case at bar: "and if the newspapers have no political affiliation then in the two newspapers having the largest circulation." The undisputed evidence is that the Findlay Republican and the Hancock County Herald are the two newspapers having the largest circulation and published in Hancock County, Ohio.

The county auditor tenders the issue that the Hancock County Herald does not have a general circulation. It is admitted that The Hancock County Herald has an approximate circulation of 700 copies in the county; about 600 copies of this regular circulation are distributed in Portage, Pleasant and Blanchard townships, Hancock County, Ohio, and the remaining 100 copies are distributed in Liberty, Allen and Union townships and the city of Findlay; that the news, editorial matter and advertising published therein is of a general nature in the sense that it is not confined to the interest of any party, sect, trade, profession, class or order and is available to anybody and everybody in the county on the same terms and conditions.

What is meant by the word "general" in connection with the circulation of a newspaper? In the opinion of this court it may refer somewhat to the extent of its circulation through a given community. However, in the main it refers to the character of the paper and the purpose of its publication, whether designed to represent some special interest, business, trade, society, religion, organization or whether designed for circulation as the disseminator of intelligence or passing events, local and general news and items of common interest. A paper of general circulation is one not devoted to any single or particular object but is devoted to matters pertaining to and of concern to the whole community and of public and common interest.

It is admitted in the presentation of the case, that the Hancock County Herald was published for general circulation to give the news of common interest to all persons who might care to take the paper.

We are unable to find any expression in the form of an opinion by the Supreme Court upon this question. However, the question has been before the Supreme Court in at least two cases, and the interpretation that we have heretofore given, was affirmed by the Supreme Court without opinion in both cases. One of these cases is that of State ex The Sentinel Company v Commissioners of Wood County which was decided by the Circuit Court of Wood County in 14 Ohio Circuit Court Reports, New Series, 531, and affirmed without opinion in 84 Oh St 447. The other case is that of State ex Stephens, Prosecuting Attorney v Lorain Democrat Company et, Vol. 22 Ohio Decisions, page 267, and this case was affirmed by the Supreme Court of Ohio in 87 Oh St 467; without opinion.

The judgment of the Court of Common Pleas will be affirmed.

CROW, J, concurring in the judgment of affirmance.

GUERNSEY, J, concurs in the concurring opinion.

## CONCURRING OPINION

By CROW, J.

None of the newspapers printed and of general circulation in Hancock County had a political affiliation, that is, there was no newspaper of a political party in the county, and the two newspapers having the largest circulation printed wholly or partially in the county, were the Republican Courier of Findlay and the Hancock County Herald of McComb which latter was published by relator.

That there is a difference between the terms "general circulation," and "largest circulation", as used in §2508, GC, when the latter is taken in its entirety, is quite clear.

It is also, in my opinion, equally clear that §6255, GC, in the feature requiring "the newspaper or newspapers used shall have at least one side thereof printed" in the county, is applicable, and it was a fact that both the newspapers we have mentioned were wholly printed in the county.

Such being the situation, defendant county auditor should have made publication in the Hancock County Herald and having failed to do so should now be compelled to take that step.